In the Matter of the PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRADO JUAREZ, Defendant. FRANCES ROBLES, Nonparty Appellant. [39 NYS3d 155]—

Order, Supreme Court, New York County (Bonnie Wittner, J.), entered on or about August 4, 2016, which denied nonparty appellant's motions to quash subpoenas requiring her testimony and the production of notes relating to her jailhouse interview of the defendant in the underlying criminal proceeding, unanimously reversed, on the law, without costs, and the motions granted.

In July 1991, the body of an unidentified four-year-old girl, "Baby Hope," was found in a picnic cooler near the Henry Hudson Parkway. A medical examination of the body showed that the girl had been sexually assaulted and suffocated. In 2013, investigative leads led law enforcement to interview the defendant in the underlying criminal proceeding, a cousin of the dead girl. During the videotaped interview, the defendant initially told the police that he did not kill the girl but helped his (since deceased) sister dispose of the body. Later in the interview, however, the defendant reversed course and admitted that he had suffocated the girl with a pillow during a sexual encounter. Based on this evidence, in October 2013, the defendant was arrested and charged with one count of murder in the second degree.

On October 16, 2013, several days after the defendant was arraigned on the murder charge, nonparty appellant (Robles), a Florida-based reporter, interviewed the defendant at Rikers Island. The following day, the New York Times published an article written by Robles based on the interview, titled, "Suspect Recalls the Short Life of 'Baby Hope.'" As reflected in the article, during his jailhouse interview with Robles, the defendant repeated many of the details he had given to law enforcement regarding his relationship with the child and his help in disposing of her body in the cooler, but he claimed that his confession to killing her was false and had been coerced.

The People served subpoenas on Robles requiring her to testify about her interview with the defendant and to turn over her interview notes for an in camera review by the court. After granting Robles's motions to quash the subpoenas in connection with a *Huntley* hearing, the court denied the motions to quash in connection with the underlying criminal trial, and ordered Robles to testify at the trial and to provide her interview notes for an in camera inspection.

We reverse. In *People v Bonie* (141 AD3d 401 [1st Dept 2016], *lv dismissed* 28 NY3d 956 [2016]), a murder case based on circumstantial evidence, we found that the outtakes of an interview of the defendant taken at a detention center in which he discussed, inter alia, the charges against him and his relationship with the victim were " 'critical or necessary' to the People's effort to prove motive, intent, and consciousness of guilt, since they contradict[ed] defendant's earlier statements to police" (141 AD3d at 404). In contrast, in this case, the People have a videotaped confession by the defendant that has been found admissible at trial and that includes statements consistent with other evidence in the case. Under the circumstances, and in keeping with "the consistent tradition in this State of providing the broadest possible protection to 'the sensitive role of gathering and disseminating news of public events' " (*O'Neill v Oakgrove Constr.*, 71 NY2d 521, 529 [1988]), we find that the People have not made a "clear and specific showing" that the disclosure sought from Robles (her testimony and interview notes) is "critical or necessary" to the People's proof of a material issue so as to overcome the qualified protection for the journalist's nonconfidential material (Civil Rights Law § 79-h [c]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.